UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAQUAN DEVOTA HARRIS,

      Plaintiff,

  -against-

VALENTIN FUSTER, *et al.*,

      Defendants.

18-CV-10196 (CM)

ORDER

COLLEEN MCMAHON, Chief United States District Judge:

  By order dated January 16, 2019, the Court ordered Plaintiff, who is proceeding *pro se*, to show cause why the action should not be dismissed for lack of subject matter jurisdiction. On January 28, 2019, the Court received a letter from Plaintiff, in which he requested that the January 16, 2019 order be sent to his new address; on February 1, 2019, the Court mailed the order to Plaintiff.

  On February 5, 2019, Plaintiff requested an extension of time to respond to the order to show cause, and on February 22, 2019, the Court granted Plaintiff an additional 30 days to respond, providing Plaintiff with a copy of the order to show cause. On March 29, after Plaintiff failed to respond to the order to show cause, the Court dismissed the action for lack of subject matter jurisdiction. The Court's docket indicates that the order of dismissal was returned to the Court as undeliverable, but the previous order granting Plaintiff an extension with a copy of the order to show cause, mailed on February 22, 2019, was not returned to the Court.

  On September 19, 2019, the Court received Plaintiff's letter requesting that the Court reopen the matter because the Court's "mail" was sent back to him.

  The Court liberally construes this submission as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d

Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Plaintiff's submission does not demonstrate that Rule 60(b)(1)-(5) apply. It also does not state any other reason justifying relief. Plaintiff requests that the Court reopen the action because he did not receive the order of dismissal. But Plaintiff fails to address the reasons why the Court dismissed the action; that is, the Court dismissed it because Plaintiff failed to show cause why it should not be dismissed for lack of subject matter jurisdiction. As Plaintiff fails to address this issue, he fails to provide any reason for the Court to grant him reconsideration and reopen the matter.

## CONCLUSION

Plaintiff's letter, construed as a motion for reconsideration (ECF No. 13), is denied.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 20, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge